ESTATE OF BIANCHI *v.* THE MUNICIPALITY OF AÑASCO.

APPEAL from the District Court of Mayagüez.

No. 155.—Decided April 19, 1904.

MUNICIPAL LAW—NEIGHBORHOOD ROADS—POWERS OF MUNICIPAL COUNCILS.—According to the Municipal Law of 1896 the obligations and powers of municipal councils refer to the construction and maintenance of neighborhood roads, and compel persons interested in rural roads to maintain and repair the same, and municipal councils have no power to define the nature of such roads, nor to order the opening or reopening thereof.

ID.—Municipal councils have jurisdiction with reference to the continuance of the existing control of rural roads, and with respect to the observance of the general rule of rural police, the ordinary courts having jurisdiction with respect to the property in, and the situation of, such roads and of servitudes created upon the same.

COSTS.—Costs should be imposed upon the party whose demands have been in all things denied.

## STATEMENT OF THE CASE.

A hearing was had in this declaratory action prosecuted in the District Court of Mayagüez by Juan Bianchi y Pagán, as plaintiff, now his estate, consisting of his widow, Rosario Rosafá y Estrada, and his legitimate children, Francisco, Estela, Juan and Rosario, of legal age, the former a resident of Añasco, and the others residents of Mayagüez, represented by Attorney José de Diego y Martínez, against the municipality of Añasco, represented by Attorney José de Guzmán Benítez, to secure the annulment of a resolution and other matters, which case is pending before us on appeal taken by the defendant from a judgment rendered by the aforesaid district court, which reads as follows:

"Judgment.—In the city of Mayagüez, June 23, 1903. An oral and public hearing was had in this declaratory action

Visto en juicio oral y público este pleito declarativo, seguido entre partes; de la una, como demandante, Don Juan Bianchi y Pagán, hoy su sucesión compuesta de su viuda Da. Rosario Rosafá y Estrada y sus hijos legítimos Don Francisco, Da. Estela, Don Juan y Da. Rosario, mayores de edad, y vecino, el primero, de Añasco, y los otros dos de esta ciudad, á quienes representa y dirige el Letrado Don José de Diego; y de otra parte, como demandado, el Ayuntamiento de Añasco, representado y dirigido por el Letrado Don Fernando Vázquez, sobre nulidad de acuerdo y otros extremos.

"*Resultando*: que el Letrado Don José de Diego con la indicada representación presentó demanda ante esta Corte, contra el Ayuntamiento de Añasco, fundándola en que la hacienda Central perteneciente hoy á la sucesión de Don Juan Bianchi Pagán, que limita por el Norte con el camino de Añasco á San Sebastian y por el Oeste con el camino viejo de Añasco de esta ciudad, estando ademas cruzada al sur por el camino vecinal que conduce al barrio de "Ovejas," siendo éstas las únicas vías que atraviesan ó tocan el predio descrito en la demanda, sin que de algunos años á esta parte haya existido ni exista ningún otro camino vecinal, rural ó de servidumbre que penetre en los terrenos de la referida hacienda, ni que sean necesarios al tránsito público ó al acarreo de frutos, porque las indicadas vías ofrecen todas las comodidades apetecibles á las comunicaciones en dicha comarca; que veinte y cinco ó treinta años atrás existían en determinados lugares del área superficial que hoy constituve el referido Ingenio, dos sendas por donde se comunicaban varias de las numerosas fracciones en que el perímentro se dividía, sendas que en realidad no tuvieron otro carácter que el de servidumbres privadas: que adquiridas las diversas fracciones de terrenos por el Señor Bianchi, para constituir la finca Central, destruidas y borradas las sendas por corrientes de río, por las aguas pluviales y por la vegetación exhuberante, en un largo transcurso de tiempo quedaron extintas las servidumbres y cortadas las comunicaciones que anteriormente existían; que una de tales veredas, que solía denoninarse boca de Casey, cruzada por terrenos de la antigua hacienda 'Josefa' que hoy forma parte de la Central intransitable ya, fué cerrada por acuerdo del Ayuntamiento de Añasco, en uno de los años 1878 á 1880; y la otra senda llamada de la 'Ceiba', que atravesaba por una finca integrante hoy del ingenio 'Central' y entonces propiedad de Don Manuel del Río López y Marín, también fué hace muchos años abandonada, por cuya razón, y porque no servía para cosa buena, el mismo Ayunta-

prosecuted by Juan Bianchi y Pagán, now his estate, consisting of his widow, Rosario Rosafá y Estrada, and his legitimate children, Francisco, Estela, Juan and Rosario, of legal age, the former a resident of Añasco, and the other two residents of this city, as plaintiffs, represented by Attorney José de Diego, against the municipality of Añasco, as defendant, represented by Attorney Fernando Vázquez, to secure the annulment of an ordinance and other matters.

"Attorney José de Diego, as counsel for the aforesaid plaintiff, filed a complaint in this court against the municipality of Añasco, basing the same upon the following facts: That the sugar plantation, now the property of the estate of Juan Bianchi Pagán, which is bounded on the north by the road leading from Añasco to San Sebastián, and upon the west by the old Añasco road, and being crossed on the south by the neighborhood road leading to *barrio* 'Ovejas,' these being the only roads that cross or touch the tract of land described in the complaint, and for several years there has been no other neighborhood or rural road or passage forming a servitude entering the lands of the aforesaid plantation, nor are such roads necessary to the public traffic or for the carting of fruits, because the aforesaid roads furnish all the necessary means of communication in the said place; that twenty-five or thirty years since, in certain places upon the property now composing the said plantation, there were two roads connecting the numerous parts into which the said plantation was divided, which roads in reality possess no other character than that of a private servitude; that Mr. Bianchi having acquired these different parcels of land which constitute the sugar plantation, these roads were destroyed by river currents, heavy rains and dense vegetation, and after a long time the said servitudes were extinguished and the said roads which formerly existed became obliterated; that the one of the said passages, which was frequently called 'Boca de Casey,' crossed by the lands of the old *hacienda* 'Josefa,' which now forms a part of the plantation, having become impassable, was closed by a resolution of the municipal council of Añasco sometime between the years 1878 and 1880; and that the other road called 'La ceiba,' which crossed a tract of land, now entirely situated within the plantation, and which was then the property of Don Miguel del Río López y Marín, was abandoned many years ago, for which reason and because it was of no practical use, the same mu-

miento de Añasco cerró definitivamente la citada vereda; que Don Ignacio Sein é Isasa, que posee un predio vecino á la hacienda 'Central', aun cuando puede utilizar un camino próximo, abierto al tránsito público para el acarreo de cañas á su finca, quiere de todas maneras introducirse por la propiedad del Sr. Bianchi, hoy su sucesión, y penetrar por la hacienda 'Central', uniendo el propio beneficio al malestar ajeno; y al efecto, hizo y suscribió con otros Señores una Instancia solicitando del Ayuntamiento de Añasco la apertura de los supuestos caminos rurales 'Boca de Casey' y 'La Ceiba', sendas ya destruídas y cerradas según se ha mencionado antes; que el Ayuntamiento nombró entonces una Comisión para que informase acerca del asunto la cual después de un largo y detenido análisis presentó su dictamen contrario en absoluto á la instancia referida; pero rechazado el dictamen aludido y nombrada otra Comisión, en la cual entraron el Señor Alcalde y el peticionario Señor Sein, éste informó á favor de sí mismo así como los demás miembros de aquella en favor de dicho Sein, acordándose por el Ayuntamiento la apertura de los caminos, en sesión de siete de Abril del año próximo pasado; que no esperandose el transcurso del término que la ley concedía para recurrir y pedir la suspensión del acuerdo, fué ejecutado dos días después por la autoridad del Alcalde con el auxilio de la fuerza pública, como si hubiera sido absolutamente indispensable que la parte lesionada sufriera cuanto antes los perjuicios de aquella resolución ilegal; y que al ejecutarse la apertura de los caminos, estos fueron llevados por donde quiso el Alcalde, puesto que apenas existían en determinados puntos las trazas ó huellas de las antíguas sendas, ocultas y deshechas por la acción del tiempo: que entablado recurso de alzada por el Sr. Bianchi, con fecha doce de Abril del mismo año, para ante el Secretario de Puerto Rico, este Hon. funcionario, después de recibir el informe del Alcalde, y no obstante resolver que el conocimiento y decisión de la controversia correspondía á los Tribunales ordinarios, suspendió el acuerdo recurrido, por término de dos meses, mientras el recurrente Sr. Bianchi presentaba la demanda del caso, disponiendo que entre tanto volvieran las cosas á su anterior estado; y termina suplicando que, previos los debidos trámites, se dicte sentencia declarando con lugar la demanda, decretando la nulidad del acuerdo Municipal y demás peticiones contenidas en dicha súplica, pidiendo por otrosí se suspendiera, la ejecución de dicho  acuerdo mientras se ventilara y decidiera la demanda interpuesta, confirmándose así el decreto del Secretario de

nicipal council of Añasco finally closed the said passage; that Don Ignacio Sein é Isasa, who owns a tract of. land near the sugar plantation, although he can use a nearby road which is open to the public for the carting of cane to his property, wishes at all hazards to enter the property of Bianchi, now his estate, and cross the sugar plantation with profit to himself and annoyance to others; and for this purpose he made and suscribed, together with other persons, an application directed to the municipal council of Añasco asking for the opening of the alleged rural roads 'Boca de Casey' and 'La Ceiba,' which roads are already destroyed and closed as has hereinbefore been stated; that the municipality then appointed a commission to investigate the matter, and after a long time had elapsed and a close study had been made, the said commission presented a report in every respect unfavorable to the aforesaid application; but the said report having been rejected and another commission appointed, among the members of which were the alcalde and the petitioner Sein, the latter made a report favorable to himself and the other members of the commission also reported in favor of the said Sein, the municipality thereupon resolving to open the roads at a session held on the 7th of April of the year last past; that not waiting for the expiration of the time which the law prescribes for the prosecution of an appeal praying for the suspension of the resolution, the same was carried into effect two days after its passage by authority of the alcalde with the assistance of the police force, as if it were absolutely necessary that the injured parties should suffer the consequences of the said illegal resolution without delay; that upon the opening of these roads they were laid out wherever the alcalde desired, inasmuch as only in certain places could traces or tracks of the old roads be found hidden and destroyed by the action of the weather; that Mr. Bianchi having taken an appeal under date of April 12 of the same year to the Secretary of Porto Rico, this official, after receiving the report of the alcalde, and notwithstanding that he decided that the hearing and decision of this controversy properly came under the jurisdiction of the ordinary courts, suspended the resolution appealed from for the period of two months, while the appellant Bianchi filed a complaint in the case, the said secretary ordering that in the meantime things should be restored to their former condition; and the plaintiff finally prayed that after the proper proceedings had been had, judgment be rendered sustaining the complaint decreeing the nullity of the resolution

Puerto Rico, según consta de los documentos acompañados, imponiéndose las costas á la Corporación demandada.

*Resultando*: que admitida la demanda y decretada la suspensión del acuerdo solicitado en la misma y dado traslado de ella á la Corporación demandada por medio de su Alcalde Municipal, y notificado de la suspensión del acuerdo referido, estableció su abogado representante excepción dilatoria por falta de personalidad en su representado para contestar dicha demanda, porque según la Ley Municipal vigente, las facultades de los Municipios que son solamente legislativas están definidas en la sección 23 y en ellas no están comprendidas ningunas referentes á caminos rurales y vecinales, como lo estaban en la ley Municipal derogada en 31 de Diciembre de 1896, exponiendo varios hechos relativos á la demanda y demás fundamentos; y contestando al fondo de las misma, expuso como hechos que en el término municipal de Añasco existía un camino desde tiempo inmemorial denominado "Boca de Casey" que estaba destinado al servicio de los vecinos de los barrios de Casey Arriba, Casey Abajo y Ovejas; que existía también en la propia jurisdicción otro camino desde tiempo inmemorial, denominado de la Ceiba y que utilizaban así mismo los vecinos de los antedichos barrios Casey Arriba, Casey Abajo y Ovejas: que suscitada una cuestión sobre este último camino de la Ceiba, entre Don Juan Manuel del Rio y Don Francisco Lopez, se oyó una comisión que nombró el Comandante Jefe del Departamento, y con asistencia de ella, los árbitos que también se nombraron, de los interesados y de varios vecinos colindantes por acta levantada en veinte y cinco de Febrero de 1847, ante el Escribano real y público Don José María Padilla, y teniendo en cuenta que el camino de que se trataba venía desde tiempo inmemorial, quedó definitavamente trazado el camino dicho, que debia abrirse por D. Juan Manuel del Rio y D. Francisco Lopez, en cuya acta se leen estas palabras "bien entendido que este nuevo camino deberá quedar y quedará perpetuamente establecido para tránsito general, y que tendrán obligación los dueños que hoy son, y que en adelante fueren de los terrenos colindantes, de cerrar con mayas ó según lo tuvieran por conveniente, para preservar, pasto y siembras, puesto que el camino no podrá ser obstaculizado, ni menos interceptado en

of the municipal council and granting the other prayers contained in the said complaint; and in an additional prayer he .asked that the execution of the said resolution be suspended until after the decision of the suit filed, thus affirming the order of the Secretary of Porto Rico, which appears from the documents attached, imposing the costs upon the defendant corporation.

"The complaint having been admitted and the suspension of the resolution applied for therein having been decreed, and the defendant corporation having been served with a copy of the said complaint, through its alcalde, and he having been notified of the suspension of the resolution referred to, counsel for the said municipality filed a demurrer to the complaint alleging want of capacity in the defendant to answer the said complaint, because according to the Municipal Law in force the powers of the municipalities, which are only legislative, are defined in section 23, and among them no reference is made to rural or neighborhood roads, as was the case in the Municipal Law repealed on the 31st of December, 1896, and stated several facts relative to the complaint and the other grounds of the action; and in answer to the complaint set out as facts that in the municipality of Añasco there existed a road from time immemorial called 'Boca de Casey,' which was used by the residents of *barrios* 'Casey Arriba,' 'Casey Abajo' and 'Ovejas;' that there was also within the said municipality another road which had existed from time immemorial called 'La Ceiba,' and which was also used by the residents of the aforesaid *barrios* 'Casey Arriba,' 'Casey Abajo' and 'Ovejas;' that a dispute having arisen in regard to the road called 'La Ceiba' between Juan Manuel del Río and Francisco López, a commission appointed by the commander-in-chief of the department was heard, together with the arbitrators who were also appointed, and the interested parties themselves, as well as several adjoining property owners, and by an act drawn up on the 25th of February, 1847, before the public clerk by royal appointment, José María Padilla, and taking into account that the road in question had been in use from time immemorial, the same was definitely laid out as it would be opened by Juan del Río and Francisco López, in which act appear the words, 'it is well understood that this new road should remain and shall remain perpetually opened for general use and the present owners, as well as those who may own adjoining lands in the future, shall be obliged to enclose the same with a hedge, or in whatsoever manner they may choose, in order to preserve their

manera alguna;'' que los dos referidos caminos son los que reconocia Don Juan BianchiPagán en el hecho cuarto de la demanda, no existiendo acuerdo ninguno del Ayuntamiento de Añasco en que se hayan mandado cerrar hace poco tiempo, habiéndolos cerrado el Sr. Bianchi por su propia autoridad; reproduciendo el hecho primero, segundo y tercero, de la excepción, en el hecho quinto de la contestación á la demanda, y termina suplicando se declare que su representado carece de personalidad para contestarla, declarándola sin lugar, imponiendo en uno ú otro caso las costas al actor.

*Resultando*: que convocadas las partes para la comparecencia á prueba, por haberlo así solicitado ambas, propusieron en aquel acto la representación de la actora, la documental de cotejo de documentos, pericial y testifical; y la del demandado propuso asímismo la documental de cotejo de documentos, testifical y pericial, y admitida toda la prueba propuesta, se señaló día y hora para la celebración del juicio oral.

*Resultando*: que al acto del juicio oral concurrieron los letrados de ambas partes, y como existiese una excepción promovida por el demandado, la cual había de resolverse previamente, el Tribunal, de conformidad con lo dispuesto en el artículo 62 de la Orden General No. 118, serie de 1899, por medio del Presidente, concedió la palabra al Letrado promovente de aquella, quien en su informe oral alegó todo lo que creyó pertinente al derecho de su parte y propuso como prueba se diese lectura al documento de folio 88 de autos y oido el Letrado de la parte contraria alegó en su informe todo lo que creyó pertinente al derecho de su defendido, y terminó solicitando del Tribunal se declarara sin lugar la excepción formulada, con las costas, proponiendo como prueba la misma que la del letrado adversario, y dándose lectura por el Secretario á dicho documento, se suspendió el juicio para tomar acuerdo acerca de la cuestión incidental, por los instantes que fueron necesarios; y reanudada la sesión, fué resuelta por unanimidad por auto que se dictara en dicho acto, en el sentido de que la petición deducida por D. Juan Bianchi Pagán, hoy su sucesión, contra el Ayuntamiento de Añasco, comprende varios extremos; y que precisamente en la época en que se dedujo aquella, si bien ya se había publicado la ley para dividir á Puerto Rico en distritos de caminos, y para disponer la construc-

pasture and crops, since the road cannot be obstructed or blocked in any manner whatsoever;' that the roads referred to are the ones acknowledged by Juan Bianchi Pagán in the fourth allegation of the complaint, there being no resolution of the municipal council of Añasco ordering the closing of the roads a short time since, they having been closed by Bianchi on his own authority. The defendant reproduced the first, second and third paragraphs of the demurrer in the fifth allegation of the answer to the complaint, and finally prayed the court to hold that the defendant lacks the capacity to answer the same and that the complaint be dismissed, and that in either case the costs be taxed against the plaintiff.

"The parties having been summoned for the proposal of evidence, they both having so requested it, counsel for plaintiff proposed as documentary evidence that of comparison of documents, the testimony of experts and of witnesses. The counsel for the defendant also proposed as documentary evidence the comparison of documents, the testimony of experts and of witnesses, and all of the evidence proposed being admitted a day and hour was set for the oral hearing.

"Counsel for both parties appeared at the oral hearing, and a demurrer having been filed by the defendant, and it being necessary first to dispose of said demurrer, the court, in accordance with article 62 of General Order No. 118, series of 1899, through the presiding judge, granted the attorney interposing the demurrer an opportunity to be heard and he, in his argument, made such allegations as he deemed proper, and proposed as evidence that the document appearing at folio 88 of the record be read. Counsel for the plaintiff having been heard, he made such allegations in his argument as he deemed pertinent to the claim of his client, and finally prayed the court to overrule the demurrer, with costs, and proposed the same evidence as that offered by opposing counsel, and the clerk having read said document the case was continued for the necessary time, in order that the court might dispose of the demurrer. The hearing having then been resumed a unanimous decision was rendered by an order made at the time, to the effect that the complaint filed by Juan Bianchi Pagán, now his estate, against the municipality of Añasco, involves several points and that precisely at the time the same was filed, although the law to divide Porto Rico into road districts and providing for the construction thereof had been promulgated, as appears from the communication of the Commissioner

ción y demás, según consta de la comunicación del Comisionado del Interior, la Junta de Inspectores á que alude esa ley se constituyó el doce de Enero de mil novecientos tres, por lo cual deducíase que dicha demanda fué interpuesta contra persona que tenía el carácter y la representación con que se le demandaba, denegándose la excepción propuesta con las costas al promovente, disponiéndose la continuación del juicio; protestando de ese acuerdo el Letrado de dicha parte, protesta que fué consignada en acta de orden del Tribunal. Continuada la sesión se procedió á la práctica de la prueba del actor, comenzándose por la periciál, en la que el perito Don Ricardo Skerret, á preguntas del Letrado de la parte actora, contestó que constituido en el barrio Carreras del Municipio de Añasco, en unión de Don Agustín Pesante, Alcalde de dicho pueblo, Don Ignacio Sein, Don José Reyes Alvarez, y Don José Leocadio García, procedió á reconocer el terreno objeto del litigio, resultando de su exámen, que no encontró huellas que indicaran que los caminos 'Boca de Casey' y 'la Ceiba', que se dice cruzaban dichos terrenos, hayan sido abiertos al servicio público estos dos últimos años, creyendo á su juicio dicho perito, que esos caminos han estado abandonados desde hace diez años, no existiendo prueba alguna de que se haya trabajado en ellos, exponiendo, además de varias consideraciones, no encontrar los caminos denominados 'Boca de Casey' y 'La Ceiba' en cuestión; solicitando el Letrado de la parte actora se uniera á los autos el informe escrito y el croquis del terreno que el perito informante presentó en aquel acto, oponiéndose á esa pretensión el Letrado de la parte contraria, porque lo creyó improcedente según las razones que adujo, resolviendo el Tribunal, después de ponerse de acuerdo, sin lugar la oposición, agregándose dichos documentos, protestando dicho letrado y consignándose en acta; y á preguntas de este Letrado manifestó el perito que no existen los caminos denominados 'Boca de Casey' y 'La Ceiba', antes mencionados, no encontrando huellas que se lo indicaran, extendiéndose en otras varias consideraciones objeto del reconocimiento. Practicada la prueba testifical del actor, el testigo Don Ernesto Esteves expuso: que conoce y es colindante de los terrenos de la 'Central Bianchi', hace veinte ó veinte y cinco años; que por dichos terrenos atravesaban antiguamente dos caminos de servidumbre denominados 'Boca de Casey' y 'La Ceiba'; que el primero hace veinte y siete ó veinte y ocho años que no está abierto al tránsito público y que jamás el declarante ha utilizado dicho camino; que últimamente el Ayuntamiento de Añasco ha pretendido abrir

of the Interior, the board of inspectors alluded to in that law was constituted on January 12, 1903, it was to be deduced that the said complaint was filed against a person who possessed the character and representation under which he was sued, overruling the demurrer interposed, with costs against the defendant, and ordering the hearing of the case to be proceeded with. Counsel for defendant took an exception to said ruling of the court, and his exception was entered upon the minutes by order of the court. The hearing having been proceeded with, the evidence offered by plaintiff was taken, the first being the expert testimony, Ricardo Skerrett testifying in reply to questions propounded by counsel for the plaintiff that having gone to *barrio* 'Carreras,' in the municipality of Añasco, accompanied by Agustín Pesante, the alcalde of said town, Ignacio Sein, Jose Reyes and José Leocadio García, he proceeded to make an examination of the land which is involved in this litigation, the result of said examination being that no signs were found which would indicate that the said roads called 'Boca de Casey' and 'La Ceiba,' which were said to have crossed the said land, had been open to the public during the two years last past, the said expert witness being of the opinion that the said roads had been abandoned for the last ten years, there being no evidence that any work whatever had been done upon them. The said expert witness for the defendant testified, among other things, that he had not found the roads called 'Boca de Casey' and 'La Ceiba,' involved in this litigation. Counsel for plaintiff requested that the written report of the expert witness and the drawing of the property presented at the hearing be attached to the record, counsel for the defendant objecting for the reasons which he then stated. After consultation the court overruled the exception and ordered that the documents be so attached to the record, to which ruling counsel for defendant excepted, and his exception was entered upon the minutes of the court. To questions propounded by counsel for defendant, the expert witness testified that the aforesaid roads 'Boca de Casey' and 'La Ceiba' did not exist, he having found no tracks or signs which would indicate their existence, and making other statements relative to the examination which he made. Upon the hearing of the testimony of the witnesses for the plaintiffs, Ernesto Esteves testified that he is acquainted with the lands belonging to the Central Bianchi and has been an adjoining landowner for twenty or twenty-five years; that many years ago two roads called 'Boca de Casey' and 'La Ceiba,'

ese camino, por un punto donde jamás existió; que el camino de 'La Ceiba', desde hace ocho ó diez años, no está abierto al tránsito público, exponiendo el testigo otras varias consideraciones á preguntas del Letrado de la parte contraria y del Tribunal, relativas á los caminos en cuestión; los demás testigos declararon igualmente que el anterior; diferenciándose los dos últimos en decir que solo conocieron, un callejón llamado de los Rios, el uno, y el otro, un camio, llamado de "La Ceiba," los cuales están cerrados hace ocho y diez años, respectivamente.

Practicada asimismo la prueba testifical del demandado, el testigo Felipe Velez declaró. que conoció un camino llamado "Boca de Casey," el cual era público, y todo el mundo pasaba por él, constandole estar cerrado; declarando de igual modo los demás testigos, y añadiendo, uno de ellos, que pasaba por dicho camino, otro que hace seis ó siete meses que tambien pasaba y que lo ha visto cerrado, ignorando por órden de quien, y el último, que estuvo abierto durante la cosecha de este año, que es camino público desde el año cincuenta y seis, estando cerrado actualmente ignorando porque causa; y terminada toda la prueba, los Letrados de ambas partes expusieron en sus informes orales todo lo que estimaron conveniente al derecho de sus defendidos.

*Resultando*: que en el día y hora designados fué votada esta sentencia en publico, por unanimidad.

*Resultando*: que en la tramitación de este juicio se han guardado las formalidades legales. Vistos, siendo Ponente el Sr. Juez Asociado Don Enrique González Darder.

*Considerando*: que de la prueba pericial y testifical, presentada y practicada á instancia de la parte actora, y aún de la prueba documental, como lo es la certificación obrante á los folios 59 y 60 de autos, y que contiene el dictamen de la Comisión nombrada primeramente por el Ayuntamiento de Añasco, para informar sobre la apertura de los caminos litigiosos, aparece que estos si alguna vez tuvieron el carácter de caminos abiertos al público tránsito y no el de

subject to a servitude, crossed the said lands; that the former has not been open to the use of the public for twenty-seven or twenty-eight years, and that he has never used the said roads; that recently the municipality of Añasco attempted to open that road by a route which never existed; that the road called 'La Ceiba' had not been open to the use of the public for eight or ten years. The witness made several other statements in reply to questions propounded by opposing counsel and by the court in regard to the road in question. The testimony of the other witnesses was the same as the foregoing except that of the last two, one of whom testified that he only knew of a lane called 'Los Ríos,' and the other witness, that he knew a lane called 'La Ceiba,' both witnesses testifying that the said lanes are closed and have been so closed for the last eight or ten years, respectively.

"The testimony of the witnesses for the defendant having been likewise taken, Felipe Vélez testified that he knew a public road called 'Boca de Casey' over which every one traveled, and that he knows of his own knowledge that the same is now closed. The testimony of the other witnesses was to the same effect, except that one of them added that he had traveled over the said road, and another one that he had gone over the said road six or seven months before and that he had seen the same closed; not knowing by whose order it was so closed. The last witness testified that the aforesaid road was open during the gathering of this year's crop, and that it had been a public road ever since the year 1856, it now being closed, witness not knowing for what cause. All the evidence being in, counsel for both parties made such oral arguments as they deemed proper in support of the contentions of their respective clients.

"On the day and hour designated this judgment was rendered by unanimous vote taken in open court.

"All the legal formalities have been complied with in the conduct of the proceedings herein. Associate Judge Enrique González Darder prepared the opinion of the court.

"From the expert testimony and the testimony of witnesses introduced by the plaintiff, and even the documentary evidence, such as the certificate which appears on folios 59 and 60 of the record, and which contains the report of the commission first appointed by the municipal council of Añasco to report upon the opening of the roads in litigation, it appears that if these roads were ever open to the public and were not private rights of way between

servidumbre privada entre predios colindantes, fueron cerrados y abandonados por un transcurso de tiempo que excede de veinte años en cuanto al llamado ''Boca de Casey,'' y de ocho años, respecto al denominado la ''Ceiba.''

*Considerando*: que aparte de la naturaleza jurídica de aquellos caminos ó sendas y los efectos del lapso de tiempo durante el cual estuvieron abandonados y cerrados, resulta del conjunto de la prueba claro y evidente que el Ayuntamiento demandado decretó el acuerdo cuya nulidad pide la parte demandante, y el Alcalde de Añasco practicó la apertura de dichos caminos que se encontraban cerrados al tránsito público, durante el indicado período de tiempo, abrogándose aquella Corporación facultades que no le competen, conforme á las leyes que regían su constitución y funcionamiento á la fecha del acuerdo impugnado.

*Considerando*: que las obligaciones y consiguientes facultades conferidas á los Ayuntamientos por el Artículo 77 de la Ley Municipal, promulgada en treinta y uno de Diciembre de 1896 y vigente en 7 de Abril de 1902, fecha del referido acuerdo, se limitan y refieren á la construcción y conservación de los caminos vecinales, y á compeler á las personas interesadas en los caminos rurales á conservar y reparar éstos partiendo de la existencia de dichos caminos en uno y otro caso, según está en la letra y espíritu de dicho artículo 77, no dando atribuciones á los Ayuntamientos que solo corresponden á los Tribunales de Justicia, para definir acerca de la naturaleza de supuestos caminos rurales, de antiguos cerrados al tránsito, ni para decretar su apertura, ni reapertura.

*Considerando*: que en los expuestos principios estuvo inspirada también la Real Orden de 4 de Febrero de 1887 por ambas partes citada en apoyo de su pretensión, declarando aquella disposición que es de la competencia de la administración limitadamente lo que se refiere á que en los caminos rurales no se altere el régimen existente y las reglas generales de policía rural, siendo atribución de los tribunales ordinarios entender en la propiedad y posición de los referidos caminos, y de todo lo que conviene á las servidumbres particulares que en nada afecta al interés público, y siendo en el caso presente de autos el abandono y cierre de los caminos litigiosos, por un largo espacio de tiempo, lo que constituía el régimen existente, no podía ser este alterado por la Corporación demandada.

*Considerando*: que el acuerdo tomado por el Ayuntamiento de Añasco, con infracción del artículo 77 de la citada ley Municipal y

the adjoining estates, they were closed and abandoned for a period of time in excess of twenty years in regard to the so-called 'Boca de Casey' road, and for eight years with respect to the one called 'La Ceiba.'

"Aside from the legal character of those roads or paths, and the effects of the period of time during which they were abandoned or closed, it clearly appears from all of the evidence taken together, that the defendant municipality adopted a resolution the annulment of which is requested by the plaintiff, and the alcalde of Añasco effected the opening of said roads which were closed to the public traffic during the period of time above indicated, the said corporation thus arrogating to itself powers which it does not possess under the laws creating the same and governing the operation thereof at the time of the adoption of the resolution attacked.

"The obligations imposed and the consequent powers conferred upon municipal councils by article 77 of the Municipal Law, promulgated on December 31, 1886, and in force on April 7, 1902, which is the date upon which the said resolution was adopted, refer only to the construction and maintenance of neighborhood roads and compels persons interested in rural roads to maintain and repair the same from the beginning of the existence thereof in every case, as appears from the spirit and the letter of article 77, and the municipalities are not thereby vested with the powers which appertain only to courts of justice, i. e., to define the nature of alleged rural roads or old roads, closed to the public, or to order the opening or reopening thereof.

"The Royal Order of February 4, 1887, cited by both parties in support of their respective claims, was also based upon the principles hereinbefore set forth. This royal order provides that the administration has a limited jurisdiction with reference to the continuance of the existing control of rural roads and in the general rules of rural police, the ordinary courts having jurisdiction with respect to the property in and the situation of said roads, and of everything conducive to the interests of private servitudes, and in no way affecting the public interest, and in the case at bar the abandonment and closing of the roads in litigation for a long period of time, which constitutes the existing control, could in no wise be altered or changed by the defendant corporation.

"The resolution adopted by the municipal council of Añasco, in contravention of article 77 of the Municipal Law above cited, and of

de los preceptos sustantivos civiles que regulan el derecho de propiedad y posesión, es nulo conforme al artículo 4 del Código Civil.

*Considerando* : que la validez ó nulidad del mencionado acuerdo ha sido la materia esencial del debate, siendo un hecho establecido entre las partes, antes de la controversia judicial, que la propiedad y posesión de los caminos correspondía á Don Juan Bianchi, iniciador de la demanda, como resulta de las certificaciones de acuerdos y constancias relativas al Ayuntamiento de Añasco, y las comisiones por el mismo nombradas para informar sobre la apertura de los caminos y del expediente administrativo que precedió á la cuestión judicial.

*Considerando* : que asimismo el hecho de la propiedad y posesión de las tierras ocupadas y atravesadas por los caminos no fué negado y, antes bien, fué reconocido por la parte demandada, según aparece del hecho primero del escrito de contestación de la demanda en lo referente á la excepción dilatoria propuesta y cuyo hecho primero se reproduce en el 5 de la contestación al fondo de la demanda, opoyándose también en este hecho reconocido por las partes, el 9 fundamento del mencionado escrito, y derivándose del propio hecho concerniente á la propiedad y posesión de las referidas tierras, toda la prueba pericial y testifical practicada á instancia de una y otra parte.

*Considerando* : que ejerciendo y aún sin ejercer el Tribunal la facultad que le concede el artículo 689 de la ley de Enjuiciamiento Civil, resulta patente el hecho á que se refiere el fundamento anterior.

*Considerando* : que es nulo el acuerdo debatido, deben volver las cosas á su anterior estado, y que no resolviéndose en este fallo nada que pueda afectar á las servidumbres ú otro género de derechos que puedan corresponder á las personas á quienes interese la declaración relativa á la apertura de los supuestos caminos ó sendas, · deben reservarse á los interesados los derechos de que se crean asistidos, conforme se solicita por el actor en el pedimento 4 de la demanda.

*Considerando* : que las costas en todo juicio debe pagarlas el litigante cuyas pretensiones hayan· sido desestimadas en aquél.

Vistas las disposiciones de ley citadas y las demás de aplicación del caso.

ʻ*Fallamos* : que debemos declarar y declaramos esta demanda con lugar y en su virtud la nulidad del acuerdo á que se refiere, así como que la propiedad y posesión de las tierras ocupadas y atrevesadas por los supuestos· mencionados caminos corresponden á los herederos ó

the substantive civil provisions which govern property rights and possession, is null and void according to article 4 of the Civil Code.

"The validity or nullity of the aforesaid resolution has been the essential subject in dispute, it being an established fact between the parties before the commencement of the judicial controversy that the ownership and possession of the said roads is in Juan Bianchi, who filed the complaint, as appears from the certificates, resolutions, and records of the municipality of Añasco, and the committees appointed thereby to report upon the opening of the roads, as also from the administrative proceedings had prior to the commencement of this judicial proceeding.

"Neither were the ownership and the possession of the lands occupied and crossed by the said roads denied; but on the contrary they were acknowledged by the defendant, as appears from the first allegation of the answer to the complaint and demurrer interposed, and which first allegation is reproduced in the fifth allegation of the answer to the complaint itself, and the ninth allegation thereof is based upon these facts, which were acknowledged by the parties, and all of the expert testimony and the testimony of witnesses introduced by the parties is upon this same point, concerning the ownership and the possession of said lands.

"Whether the court exercises or does not exercise the power conferred upon it by article 689 of the Law of Civil Procedure, the fact referred to in the foregoing allegation is clearly established.

"The resolution attacked is null and void, and matters must be restored to their former status, and no decision being reached in this judgment which affects the servitudes, or the rights of any other character appertaining to the persons interested in the declaration respecting the opening of the alleged road or paths, such rights as the said parties may believe themselves to possess in the premises are hereby reserved to them, in accordance with the request of the plaintiff contained in fourth prayer of the complaint.

"The costs in all cases should be paid by the litigants whose claims have been dismissed.

"In view of the legal provisions cited, and such others as are applicable to the case at bar, we adjudge that we should sustain and do sustain this complaint, and therefore hold that the resolution involved herein is null and void, as well as that the ownership and possession of the lands occupied and crossed by the said alleged roads are in the heirs or successors of Juan Bianchi Pagán, matters

causahabientes de Don Bianchi Pagán, volviendo las cosas á su anterior estado, quedando cerrados dichos caminos al tránsito público, y cuya apertura decretó el Ayuntamiento de Añasco; reservándose á los interesados en la declaración judicial relativa á servidumbres ú otros derechos análogos las acciones que puedan corresponderles y condenando á la Corporación demandada al pago de las costas de este juicio.

Así por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos.—Arturo Aponte. J. A. Erwin. Enrique González Darder.''

*Resultando:* que contra esta sentencia interpuso apelación la representación del Ayuntamiento de·Añasco, la que le fué admitido libremente y en ambos efectos, y que elevados los autos á esta Superioridad con citación y emplazamiento de las partes, y personadas éstas, se dió al recurso la tramitación correspondiente, señalándose día para la vista, cuyo acto se celebró con asistencia de los abogados defensores de las partes.

Abogado del apelante: *Sr. Guzmán Benítez* (José).

Abogado de los apelados: *Sr. De Diego.*

El Juez Presidente, Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y los de derecho á excepción del 6°., 7°., 8°., y 10°. *Considerando* de la sentencia apelada.

*Considerando:* que si bien la prueba que obra en autos es bastante para acreditar que Don Juan Bianchi Pagán y su Sucesión han estado en la posesión de los terrenos ocupados por los caminos que se ventilan en estos autos, no así para declarar que á dicha Sucesión corresponda la propiedad de los expresados terrenos, toda vez que sobre este particular no se ha propuesto por la Sucesión demandante, concreta y determinadamente, prueba alguna.

*Considerando:* que con arreglo á la Sección 63 de la Orden General Número 118, serie de 1899, las costas deben imponerse al litigante cuyas pretensiones hubiesen sido totalmente

being restored to their former condition, and the said roads, whose opening was ordered by the municipal council of Añasco, are hereby ordered to be closed; reserving to the interested parties, in the judicial declaration relative to servitudes and other analogous rights, the right to prosecute such actions as may be proper in the premises, and the costs of this proceeding are taxed against the defendant corporation.

''Thus by this our judgment, finally adjudging, do we pronounce, command and sign. Arturo Aponte, J. A. Erwin, Enrique González Darder.''

From this judgment the municipal council of Añasco, through its counsel, took an appeal, which was allowed both for a review and stay of proceeding, and the record having been sent up to this court, and the parties cited, and they having made their appearance herein, the proceedings were properly conducted and a day set for the hearing, which duly took place, counsel for the parties being present at the same.

*Mr. Guzmán Benítez (José),* for appellant.

*Mr. de Diego,* for respondent.

MR. CHIEF JUSTICE QUIÑONES, after making the foregoing statement of facts, rendered the opinion of the court.

The findings of fact and all of the conclusions of law, except the sixth, seventh, eighth and tenth, contained in the judgment from which this appeal was taken, are accepted.

Although the evidence which appears in the record is sufficient to prove that Juan Bianchi y Pagán and his estate have been in possession of the lands occupied by the roads involved in this litigation, it is not sufficient to warrant us in holding that the ownership of these lands is in said estate, since no evidence whatever upon this point has been concretely and specifically introduced by the plaintiff estate.

In accordance with section 63 of General Order No. 118, series of 1899, costs should be imposed upon the litigant whose demands are in all things dismissed, and that in other

desestimadas y que en los demás casos debe el Tribunal resolver sobre ellas con arreglo á equidad.

Vistas las disposiciones legales que se citan en la referida sentencia aplicables al caso. *Fallamos*: que debemos confirmar y confirmamos la sentencia apelada, excepto en cuanto por ella se declaran de la propiedad de la Sucesión demandante los terrenos ocupados y atravesados por los caminos á que se refieren estos autos, sobre cuyo extremo se desestiima la demanda, y declarándose sin especial condenación las costas de ambas instancias.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.

---

## Caso *v.* El Registrador de la Propiedad.

### Recurso Gubernativo contra nota del Registrador de la Propiedad de Arecibo.

No. 6.—Resuelto en Abril 20, 1904.

Asientos de las Antiguas Anotadurias de Hipotecas.—Tercero.—Aunque los asientos de los derechos reales existentes en los libros de las Antiguas Anotadurias que no hubeiren sido trasladados á los modernos libros del Registro dentro del plazo legal, no podrán perjudicar á tercero en lo sucesivo quedan sin embargo vigentes *entre las partes contratantes, y surten entre ellas los efectos legales corespondientes.*

Id.—Terminado el plazo señalado para solicitar las traslaciones de los asientos de los antíguos á los modernos libros, los asientos no trasladados no se mencionarán en las nuevas inscripciones que se hagan en dichos libros modernos.

Id.—Cancelacion.—Los asientos de las antiguas anotadurías de hipotecas, aunque no hayan sido trasladados á los libros modernos del Registro de la Propiedad dentro del plazo fijado *para que perjudicaran á terceros,* no pueden ser cancelados de oficio por los Registradores, sino en los casos en que proceda con arreglo á las disposiciones de la Ley y del Reglamento sobre la materia, y en ese sentido deben entenderse los artículos 453 y siguientes del Reglamento Hipotecario, al tratar de las cancelaciones de dichos asientos y de la forma en que deben hacerse constar en los libros del antiguo, y del moderno, Registro de la Propiedad.

Id.—Solo son cancelables *de oficio* las menciones que, *también de oficio,* se hubieren hecho, en los libros modernos, de asientos de derechos reales existentes

cases the court should assess the same in accordance with equity.

In view of the legal provisions cited in the said judgment and applicable to the case, we adjudge that we should affirm and do affirm the judgment appealed from, except in so far as it is held therein that the ownership of the land occupied and crossed by the roads in question is in the plaintiff estate, upon which point the complaint is hereby dismissed, no special imposition being made of the costs in the proceedings.

Justices Hernández, Figueras, Sulzbacher and MacLeary concurred.